**Jane BROWNLEE and John Brownlee, Appellants,**

**v.**

**HOLIDAY LINCOLN MERCURY, INC., Appellee.**

**No. 2–84–012–CV.**

Court of Appeals of Texas, Fort Worth.

Sept. 20, 1984.

**818**

Denbow, Wells, Williford & Felber, Michael Felber, Fort Worth, for appellants.

Land, Ray, Getchell, Farris & Schleier, Thomas L. Farris and Richard L. Schleier, Jr., Fort Worth, for appellee.

## OPINION

HILL, Justice.

This is an appeal from a suit for damages brought by Jane and John Brownlee, the appellants, against appellee, Holiday Lincoln Mercury, Inc., hereinafter referred to as "Holiday," and Holiday's employee, James W. Gray, an automobile salesman. The damages arise from an automobile accident between the Brownlees and Gray. Gray was driving a demonstrator automobile owned by Holiday which he drove by virtue of an agreement with his employer. The Brownlees allege that the accident occurred while Gray was in the course and scope of his employment with Holiday. Gray's deposition was taken, but he did not secure an attorney or file an answer. The Brownlees took a default judgment against Gray and severed their claim as to him. They subsequently amended their pleadings to seek recovery from Holiday for the amount of the judgment which they recovered against Gray, alleging that Holiday was negligent in refusing to notify the insurer of the vehicle of the pendency of the claim. The Brownlees maintain that the acts of Holiday were intentional and constituted intentional interference with their contractual rights. They sought actual damages in the amount of the judgment which they recovered against Gray. They also sought exemplary damages. After hearing appellants' evidence, the trial court granted Holiday's motion for directed verdict. The Brownlees appeal from the trial court's order.

We reverse and remand.

■ By point of error number one, the Brownlees urge that the trial court erred in granting a directed verdict for Holiday for the reason that there was probative evidence that on the occasion in question Gray was in the course and scope of his employment. Gray was a salesman for Holiday. On the occasion in question, he was driving a four-wheel drive, Holiday-owned demonstrator. The accident occurred on a Sunday, a day that Holiday was not open for business. There was testimony which, if believed, might have shown that the vehicle was being operated off the road, but there was no evidence that Gray was demonstrating the vehicle for sale or otherwise at the time of the accident. Appellants' point of error number one is overruled.

By points of error numbers two and three, the Brownlees complain that the trial court erred in granting a directed verdict on behalf of Holiday in view of Holiday's failure to notify its insurer of their claim. It is undisputed that Holiday's employee, Gray, is nowhere to be found. It is undisputed that the Brownlees would have been able to collect any judgment recovered against Gray had Holiday fulfilled its obligation under its insurance policy to notify its insurer of the Brownlee claim because the policy covered Gray as a permissive driver of the vehicle, whether he was in the course and scope of his employment or not.

In fact, it is undisputed that Holiday intentionally chose not to notify the insurer of the claim *knowing* that this would constitute a policy defense, for the reason that they did not want the risk factor resulting from additional claims on their liability policy, and because they did not feel that they were liable for appellants' claim. Holiday takes the position that it owed the Brownlees no duty to report the claim to its insurer, because the Brownlees are not third party beneficiaries of Holiday's insurance policy, or, if they are, that they have no right to bring any action based on the policy.

The Texas Motor Vehicle Safety-Responsibility Act sets out definitions and mandatory minimum liability requirements for automobile insurance as well as the fines and penal sanctions for failure to have general automobile liability coverage. Texas Motor Vehicle Safety-Responsibility Act, TEX.REV.CIV.STAT.ANN. art. 6701h, secs. 1(10), 1A, 2(b) (Vernon Supp.1984) and secs. 5 and 32(f) (Vernon 1977).

As the owner of the vehicle in question, Holiday fell within the requirements of the Act. It has been held that claimants for damages arising out of automobile accidents are the intended beneficiaries of insurance policies purchased to satisfy the statutory requirement, and that they are therefore entitled to bring an action on the insurance contract for damages. *Dairyland County Mut. Ins. v. Childress,* 650 S.W.2d 770, 775 (Tex.1983). We hold that the insured does have a duty to such a damage claimant who is a third party beneficiary of the insurance contract not to create a policy defense by failing to notify the insurer, as is required by the policy. To permit an insured, in the event of an accident, to make his permissive drivers "uninsured" for the insured's personal benefit, at the expense of the damaged claimant, would defeat the salutary public purpose of the Texas Motor Vehicle Safety-Responsibility Act. Holiday cites no authority which would hold that the insured has no such duty. Appellants' points of error numbers two and three are sustained.

We accordingly reverse and remand for trial on the merits of the Brownlees' claims. Costs of this appeal are charged to Holiday Lincoln Mercury, Inc., the appellee.